UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GEORGE CRUMP,

                                        Plaintiff,            **ANSWER ON BEHALF OF
                                                              JOSEPH LEMOS**

                    -against-

THE CITY OF NEW YORK, P.O.MICHAEL SEILING,          **05 CV 6768 (HB)**
Shield No. 07838, P.O. JOSEPH LEMOS, Shield No.
21672, SGT. EMILE PROVENCHER, Shield No. 04239,     Jury Trial Demanded
Individually and in his  Official Capacity, and P.O.s
"JOHN DOE" #1-10, Individually and in their  Official
capacities (the name John Doe being fictitious, as the true
names are presently unknown),

                                        Defendants.

------------------------------------------------------------------------ x

        Defendant Joseph Lemos, by his attorney, Michael A. Cardozo, Corporation

Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon

information and belief, as follows:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except

admits that plaintiff purports to bring this action as set forth therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except

admits that plaintiff purports to bring this action as set forth therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except

admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except

admits that plaintiff purports to base venue as set forth therein.

        5.      The allegations set forth in paragraph "5" of the complaint do not

constitute a factual averment to which a response is required.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Admits the allegations set forth in paragraph "7" of the complaint.

8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York and admits that the City of New York maintains a police department.

9.      Defendant states that the allegations set forth in paragraph "9" of the complaint contain legal conclusions to which no response is required, except admits that upon information and belief, Michael Seiling and Emile Provencher are employed by the City of New York as police officers and that Joseph Lemos is no longer employed by the City of New York as a police officer.

10.      Defendant states that the allegations set forth in paragraph "10" of the complaint contain legal conclusions to which no response is required.

11.      Defendant states that the allegations set forth in paragraph "11" of the complaint contain legal conclusions to which no response is required.

12.      Defendant states that the allegations set forth in paragraph "12" of the complaint contain legal conclusions to which no response is required.

13.      Denies the allegations set forth in paragraph "13" of the complaint, except admits that on May 25, 2004 at approximately 3:35 p.m., the plaintiff was at or near the park located at 45 Wadsworth Terrace, New York, New York.

14.      Denies the allegations set forth in paragraph "14" of the complaint.

15.      Denies the allegations set forth in paragraph "15" of the complaint, except admits that upon information and belief the plaintiff was observed committing a crime.

16.     Denies the allegations set forth in paragraph "16" of the complaint.

17.     Denies the allegations set forth in paragraph "17" of the complaint, except admits that the plaintiff was arrested and charged with Criminal Possession of Marijuana in the Fifth Degree.

18.     Denies the allegations set forth in paragraph "18" of the complaint.

19.     Denies the allegations set forth in paragraph "19" of the complaint.

20.     Denies the allegations set forth in paragraph "20" of the complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Denies the allegations set forth in paragraph "22" of the complaint.

23.     In response to the allegations set forth in the second numbered paragraph "23" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "22" inclusive of this answer, as is fully set forth herein.

24.     Denies the allegations set forth in paragraph "24" of the complaint.

25.     Denies the allegations set forth in paragraph "25" of the complaint.

26.     Denies the allegations set forth in paragraph "26" of the complaint.

27.     Denies the allegations set forth in paragraph "27" of the complaint contain legal conclusions to which no response is required.

28.     Denies the allegations set forth in paragraph "28" of the complaint.

29.     In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "28" inclusive of this answer, as is fully set forth herein.

30.     Denies the allegations set forth in paragraph "30" of the complaint.

31.    Denies the allegations set forth in paragraph "31" of the complaint.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "31" inclusive of this answer, as is fully set forth herein.

33.    Denies the allegations set forth in paragraph "33" of the complaint.

34.    Denies the allegations set forth in paragraph "34" of the complaint.

35.    Denies the allegations set forth in paragraph "35" of the complaint.

36.    Denies the allegations set forth in paragraph "36" of the complaint.

37.    Denies the allegations set forth in paragraph "37" of the complaint.

38.    Denies the allegations set forth in paragraph "38" of the complaint.

39.    Denies the allegations set forth in paragraph "39" of the complaint.

40.    Denies the allegations set forth in paragraph "40" of the complaint.

41.    Denies the allegations set forth in paragraph "41" of the complaint.

42.    Denies the allegations set forth in paragraph "42" of the complaint.

43.    Denies the allegations set forth in paragraph "43" of the complaint.

44.    Denies the allegations set forth in paragraph "44" of the complaint.

45.    Denies the allegations set forth in paragraph "45" of the complaint.

46.    Denies the allegations set forth in paragraph "46" of the complaint.

47.    Denies the allegations set forth in paragraph "47" of the complaint.

48.    In response to the allegations set forth in paragraph "48" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "47" inclusive of this answer, as is fully set forth herein.

49.    Denies the allegations set forth in paragraph "49" of the complaint.

50.    Denies the allegations set forth in paragraph "50" of the complaint.

51.    Denies the allegations set forth in paragraph "51" of the complaint.

52.    Denies the allegations set forth in paragraph "52" of the complaint.

53.    In response to the allegations set forth in paragraph "53" of the complaint, defendant repeats and realleges the responses set forth in paragraph "1" through "51" inclusive of this answer, as is fully set forth herein.

54.    Denies the allegations set forth in paragraph "54" of the complaint.

55.    Denies the allegations set forth in paragraph "55" of the complaint.

56.    Defendant states that the allegations set forth in paragraph "56" of the complaint, contain legal conclusions to which no response is required.

56(a).  Denies the allegations set forth in the second paragraph "56" of the complaint and all of its subparts.[1]

57.    Denies the allegations set forth in paragraph "57" of the complaint and respectfully refer this Court to the five separate actions cited by plaintiff therein.

58.    Denies the allegations set forth in paragraph "58" of the complaint.

59.    Denies the allegations set forth in paragraph "59" of the complaint.

60.    Denies the allegations set forth in paragraph "60" of the complaint.

61.    Denies the allegations set forth in paragraph "61" of the complaint.

62.    Denies the allegations set forth in paragraph "62" of the complaint.

63.    Denies the allegations set forth in paragraph "63" of the complaint.

64.    Denies the allegations set forth in paragraph "64" of the complaint, and all of its subparts.

---

[1] Plaintiff sets forth two paragraphs numbered "56" in his complaint.

65.    Denies the allegations set forth in paragraph "65" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

66.    The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

67.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States, or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

68.    At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

69.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of  intervening third parties and was not the proximate result of any act of the defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

70.    At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York has governmental immunity from liability.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

71.    There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

72.    Punitive damages are not recoverable against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

73.    The individual defendant Joseph Lemos has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

74.    Plaintiff provoked the incident.


**WHEREFORE,** defendant Joseph Lemos requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              October 25, 2005


                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street, Room 3-220
                                        New York, New York 10007
                                        (212) 788-0711

                    By:    _____
                                        Liora Jacobi [LJ 0347]
                                        Special Assistant Corporation Counsel


TO:    Jon Norinsberg, Esq.
       *Attorney for Plaintiff*
       225 Broadway – Suite 2700
       New York, New York  10007
       (212) 791-5396

## DECLARATION OF SERVICE BY MAIL

I, Liora Jacobi, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on  October 25, 2005, I caused to be served the annexed ANSWER ON BEHALF OF JOSEPH LEMOS to the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney(s) at the address(es) set forth below, being the address(es) designated by said attorney(s) for that purpose:

BY MAIL
Jon Norinsberg, Esq.
*Attorney for Plaintiff*
225 Broadway – Suite 2700
New York, New York  10007

Dated:        New York, New York
              October 25, 2005

_____
LIORA JACOBI, ESQ.

05 CV 6768 (HB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE CRUMP,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O.MICHAEL
SEILING, Shield No. 07838, P.O. JOSEPH
LEMOS, Shield No. 21672, SGT. EMILE
PROVENCHER, Shield No. 04239, Individually
and in his  Official Capacity, and P.O.s "JOHN
DOE" #1-10, Individually and in their  Official
capacities (the name John Doe being fictitious, as
the true names are presently unknown),

Defendants.

**ANSWER ON BEHALF OF JOSEPH LEMOS**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Liora Jacobi*
*Tel:  (212) 788-0711*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.   .................................................... , 200 . . .*

*By: .............................................................................. .*

*Attorney for ........................................................................*